81 459
143 60

ROBIDOUX *et al.*, *Appellants*, v. CASSELEGGI *et al.*

1. **Admissions.** Admissions in an agreed statement of facts, to have that effect, should be expressed in terms and not by indirection.

2. **Deeds, Construction of:** POSSESSION. The ruling of this court in *Sutton v. Casseleggi*, 77 Mo. 397, as to the legal effect of certain deeds and possession thereunder, followed and held decisive of questions raised on this appeal.

3. **Ejectment:** RENTS AND PROFITS, WHEN RECOVERABLE FOR PERIOD

PREVIOUS TO SUIT. Under Revised Statutes of 1879, section 2252, the right of the plaintiff in ejectment to recover the rents and profits of the premises for any period previous to the commencement of the suit, is predicated on the fact that the defendants had knowledge of the plaintiff's title, and it is only when such knowledge is brought home to the defendant that such recovery can be had.

4. **Evidence, Exclusion of**: ACTION OF TRIAL COURT, WHEN PRESUMED TO BE RIGHT. When documentary evidence, complained of as being improperly excluded by the trial court, does not appear in the bill of exceptions, the action of the trial court in excluding it will be presumed to be right.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Alex. J. P. Garesche* for appellants.

Lange Allard takes nothing by the deed. 2 Snead (Tenn.) 404; *Butler v. Rutledge*, 2 Cold. (Tenn.) 4; *Allen v. Allen*, 47 Mich. 74. On a deed to husband and wife, they take per entirety, and the survivor takes the whole. Washburn Real Prop., (4 Ed.) vol. 1, p. 672, § 425; *Rogers v. Grider*, Dana (Ky.) 242; *Taul v. Campbell*, 7 Yerg. 319; *Ketchum v. Walworth*, 5 Wis. 95; *Gibson v. Zimmerman*, 12 Mo. 388; *Hall v. Stephens*, 66 Mo. ——. Married woman is not estopped by the recitals of her deed. Bishop Mar. Women, vol. 2, § 489; *Dougal v. Fryer*, 3 Mo. 31. As to ouster by one tenant in common against another, that is a question of fact, not of law. *Lannan v. Huey*, 13 B. Mon. 443; *Lefavour v. Homan*, 3 Allen (Mass.) 355; *Steel v. Johnson*, 4 Allen (Mass.) 425; *Purcell v. Wilson*, 4 Gratt. 22; *Johnson v. Toulman*, 18 Ala. 50; *Block v. Lindsey*, Busbee Law (N. C.) 467; *Hubbard v. Wood*, 1 Snead (Tenn.) 286; *Keyser v. Evans*, 30 Pa. St. 507; *Hilton v. Duncan*, 1 Cold. (Tenn.) 316.

*Cline, Jamison & Day* for respondents.

(1) Lange Allard and Rosalie Vermet *alias* Robidoux

not being husband and wife, the deed from Joseph Montague and wife of June 8th, 1818, to them, vested the title in them as tenants in common. *Gibson v. Zimmerman*, 12 Mo. 385; *Jackson v. Stevens*, 16 Johns. 110; *Doe v. Parrat*, 5 Term Rep. 652; 2 Black. Com., 182; 4 Kent Com., 363. (2) The deed from Lange Allard dated June 9th, 1821, to H. Cozens in trust for said Rosalie during her life, etc., with remainder to Laurent and Archange Robidoux disposed of one-half of said premises, the fee simple of which is now vested in Pauline Dalton. (3) Rosalie only had a life estate in said premises. *Price v. Hart*, 29 Mo. 171; *Boatman v. Curry*, 25 Mo. 433; *Thomas v. Pullis*, 56 Mo. 219; *Hall v. Betty*, 4 Wan. & G. 410. (4) Laurent Robidoux and Archange McDowell were privies to the said marriage contract, and could claim under it by virtue of the recitals in said contract; and the legal representatives of said Rosalie are estopped from claiming anything more than a life estate in the premises. *Clamorgan v. Greene*, 32 Mo. 285; *Joeckel v. Easton*, 11 Mo. 118; *Dickson v. Anderson*, 9 Mo. 156; *Carver v. Jackson*, 4 Pet. 82; *Bensley v. Burdon*, 8 Law Jour. Ch. 85. (5) Plaintiffs are barred by the statute of limitations. *Warfield v. Lindell*, 30 Mo. 273; *Hamilton v. Boggess*, 63 Mo. 249. (6) The possession of the defendants, and those under whom they claim, was open, notorious, adverse and hostile from the time of the entry of Laurent and Archange, under the compromise of the suit with the executors of Jesse Little in the spring of 1861, after the rendition of the judgment in. said ejectment suit. (7) The deeds read in evidence by the defendants, were proper, although some of them were defectively acknowledged. They were admissible to show the character of the possession of said Rosalie, as well as a ratification by other deeds duly acknowledged. *Hamilton v. Boggess*, 63 Mo. 233; *Musick v. Barney*, 49 Mo. 458. (8) The instructions asked by plaintiff were properly refused by the court. *Musick v. Barney*, 49 Mo. 463; *Hamilton v. Boggess*, 63 Mo. 233; *Clark v. Life Ins. Co.*, 52 Mo. 272; *Codman v. Winslow*,

10 Mass. side p. 151; *Comm. v. Dudley*, 10 Mass. side p. 408. The declarations of a person in possession of lands are competent evidence against himself, and all persons claiming under him, for the purpose of showing the character of his possession and by what title he claims. *Pitts v. Wilder*, 1 N. Y. 525; *Abeel v. Van Geldor*, 36 N. Y. 513; *Jackson v. Bard*, 4 Johns. 230; *Rogers v. Moore*, 10 Conn. 13. (9) The defendants showing an adverse possession for twelve or fifteen years, the plaintiffs must show that they are saved by the disabilities enumerated in the statute. *Gregg v. Jesson*, 1 Black (U. S.) 150; *Dessaunier v. Murphy*, 33 Mo. 184; Ang. Lim., (5 Ed.) §§ 477, 481; *Smith v. Burtis*, 9 J. R. 174; *Demorest v. Wynhoop*, 3 J. C. R. 129. Three years have not elapsed since the disability of infancy attaching to David P. expired; and he, had he sued alone, might, if proposition three be not sustained, recover one-eight of one-third of one-half (or 1-48) part of the lot involved. But, suing with those who are barred, he cannot recover unless all the plaintiffs are dismissed or nonsuited except himself. *Walker v. Bacon*, 32 Mo. 144; *Keeton v. Keeton*, 20 Mo. 544. As to the three years' right to sue, see Ang. Lim., (5 Ed.) § 481; 9 J. R. 174; 3 J. C. R. 129; *Primm v. Walker*, 38 Mo. 94; *Billers v. Walsh*, 46 Mo. 492.

NORTON, J.—This is a suit by ejectment to recover the possession of a certain lot in the city of St. Louis described in the petition: The plaintiffs obtained judgment in the circuit court for the possession of one-sixth of the premises, which on appeal to the St. Louis court of appeals was affirmed, and from which the plaintiffs have appealed to this court.

It appears from the record before us that on the 18th of June, 1818, one Montague, who was the common source of title, conveyed by his deed the lot in question to Rosalie Vermet and Lange Allard, as her husband; that the said Rosalie at the time said deed was executed, was the lawful wife of John B. Roubidoux, her relation with Allard being

only a *liaison;* that she had two children of her marriage with Roubidoux, viz: Laurent and Archange; that in 1819, said Rosalie's husband rejoined her in St. Louis, where he lived with her until he died in 1826; that said Allard went to the Rocky Mountains in 1819, where he died in a few years, but never returned to St. Louis; that in 1828 said Rosalie married one Paul Morris, who died in 1832; that she married again with one Victor Chataigne, who died in 1853, and she herself died in 1858, leaving a will in which she devised one-third of her property to the children of Laurent, who are the plaintiffs in this suit. The evidence tended to show that said Rosalie occupied the premises by herself and tenants till her death in 1858.

It further appears that defendants offered in evidence a deed executed by said Lange Allard on the 9th of June, 1821, conveying one undivided half of the lot in question to Horatio Cozzens, in trust for said Rosalie for life, then to said Allard during his life, and remainder to the children of said Rosalie, viz: Laurent and Archange. This deed purports to be acknowledged personally, before a justice of the peace of St. Louis county, on the day of its date, and was duly recorded on the 5th day of November, 1823. This deed was received in evidence, over the objection of plaintiffs, and it is insisted by counsel that this action of the court was erroneous, inasmuch as the agreed statement of facts showed that Allard went to the Rocky Mountains in 1819, and died there a few years thereafter, but never returned to St. Louis. We are of the opinion that it was not intended by this admission to concede that the certificate of acknowledgment appended to the deed was a nullity, but that it was intended as an admission that Allard had, in 1819, abandoned St. Louis as his home and taken up his residence elsewhere. If the admission was intended to have the scope contended for by counsel, viz: that the certificate of acknowledgment in which it is stated that Allard personally appeared before the justice in St. Louis

county was false in fact, it ought to have been so expressed in terms and not by indirection.

As was said by Judge Bakewell in the opinion delivered by the court of appeals, that "there is nothing tending to show that the justice was not a justice of the county of St. Louis in which the land lay. There is an admission that Allard was not in St. Louis after 1819. But there is no admission that he was not in St. Louis county on the 9th of June, 1821, and it appears by the certificate that he was actually in that county at that time."

Besides this we can take judicial notice of the fact, that at that time, the city of St. Louis was the county seat of St. Louis county, and there is no inconsistency between an admission that Allard, after 1819, was never in St. Louis, and the statement in the certificate, that he was in St. Louis county in June, 1821, where his acknowledgment was taken, especially when in 1821 the northern boundary of St. Louis county extended up the Missouri river as far as the mouth of the Gasconade.

It is also claimed by counsel that said Rosalie by virtue of her possession of the premises in dispute from 1818 to the time of her death in 1858, had acquired the Allard title, and that plaintiffs were, therefore, entitled under her will to one-third, instead of one-sixth of the lot, which was all that was adjudged to them in the judgment appealed from. The question as to the character and legal effect of the possession of said Rosalie was fully considered by this court in the case of *Sutton v. Casseleggi,* 77 Mo. 397, where the Montague deed, made the 18th of June 1818, to said Rosalie and Allard, and the deed of Allard to Cozzens on the 9th of June, 1821, were before the court for construction, as well as the question what interests were passed and acquired under them, and it was there held that under the Montague deed, said Rosalie only acquired one-half interest in fee in the premises, and that Allard acquired the other half; that under the Allard deed to Cozzens she acquired a life interest in his undivided half which terminated

at her death in 1858; that her possession was not adverse as to the undivided one-half of said Allard, that at the time of her death, she was only seized of an estate in fee of an undivided half of the premises; that under her will one-third of her interest passed to the children of her son Laurent. This case seems to be decisive of the point, raised by counsel for the plaintiffs, the children of said Laurent, who recovered one-third of one-half, equal to one-sixth, and under the ruling in the above case, this was the true measure of their interest, and all they were entitled to recover.

It is, also, insisted that the judgment is erroneous, in that, the court refused to allow damages to plaintiffs for the rents and profits of the premises for five years next preceding the commencement of the action. Under section 2252, Rev. Stat., the right of a plaintiff in an ejectment suit to recover the rents and profits, for any period previous to the commencement of the suit, is predicated on the fact that the defendant had knowledge of the plaintiff's title, and it is only when such knowledge is brought home to the defendant that such a recovery can be had. The only reference contained in the bill of exceptions as to such notice or knowledge is as follows: "Plaintiff also offered in evidence the record of the suit of *McDowell v. Little et al.*, reported in 33 Mo. 523, to show that Jesse Little, tenant of Mrs. Rosalie Chataigne, sued for the possession by Archange McDowell and Laurent Roubidoux, had a recovery against him in the circuit court for the property in dispute, but in the supreme court it was reversed and final judgment rendered in her favor, and also to show that defendants had notice of plaintiffs' title." This evidence the court refused to receive, on the ground that it was incompetent, and irrelevant, and this action of the court it is claimed is erroneous. As the record of said suit offered in evidence is not contained in the bill of exceptions, we cannot say that the court erred in excluding it, but on the contrary must presume that the action of the trial court

with the record before it, in not receiving it in evidence was rightful, especially so as it does not appear that the defendant was a party to that suit.

Judgment affirmed, in which all concur, except SHER-WOOD, J., absent.